# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KATHLEEN JANSSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No._____ |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| ONLINE INFORMATION SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer Kathleen Jansson against Online Information Services, Inc., for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.,* as amended.

2. Defendant Online Information Services, Inc. (hereafter "OIS" or "Defendant"), is a consumer reporting agency (CRA), and has been selling consumer reports inaccurately marking Plaintiff as deceased. When Defendant inaccurately reports a living consumer as deceased, Defendant makes it practically impossible for that consumer to access credit, as it did with Ms. Jansson. Defendant's practice also harms the businesses that purchase its reports; as such companies cannot properly process credit applications due to the inaccurate deceased notation. There is no good faith rationale to explain Defendant's practice other than the generation of revenue. If Defendant actually believed that Ms. Jansson was deceased, it had no legally permissible basis to sell her report. If Defendant believed Ms. Jansson was alive, it

1

knowingly sold her report with a gross inaccuracy. Moreover, Defendant knows that identity thieves use the credit information of truly deceased persons to commit credit fraud. Defendant thus violated Plaintiff's rights under the FCRA, as set forth below.

## PARTIES

3. Plaintiff, Kathleen Jansson, is an adult individual residing in the State of Tennessee.

4. Defendant Online Information Services, Inc. is a business entity which regularly conducts business in the Eastern District of Tennessee and which has a principal place of business located at 685 W. Firetower Road, Winterville, North Carolina 28590.

## JURISDICTION & VENUE

5. Jurisdiction is proper in this court pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

7. Defendant is a consumer reporting agency and a reseller of consumer information, and obtains consumer credit information secondarily from the three major credit reporting agencies. The consumer credit information maintained for individual consumers by the three major credit reporting agencies consists of account information and other consumer information. Once OIS receives the requested consumer credit information, it assembles and merges the information into an OIS consumer credit report, which it then sells to third parties

8. Since at least November 2017, Defendant has been selling, disseminating and publishing consumer reports that inaccurately state that Plaintiff is deceased.

9. Plaintiff is not deceased.

10. Upon information and belief, Defendant requested consumer credit information regarding Plaintiff from third-parties, and received the inaccurate information that Plaintiff was deceased.

11. Prior to the sale of its consumer report about Plaintiff to other third-parties, Defendant did nothing to investigate the information received regarding the deceased notation.

12. Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least November 2017 through to the present.

13. As a result, Defendant made it practically impossible for Plaintiff to obtain credit.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

15. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant's herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### COUNT ONE – VIOLATIONS OF THE FCRA
### PLAINTIFF v. DEFENDANT

3

Case 2:18-cv-00047-PLR-MCLC   Document 1   Filed 03/28/18   Page 3 of 5   PageID #: 3

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth herein.

18. At all times pertinent hereto, Defendant was a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

19. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

22. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

4

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C.§§1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins (BPR No. 036451)
E.D. TN Bar No.: 24088777
**THE ADKINS FIRM, P.C.**
7100 Executive Center Drive, Suite 110
Brentwood, Tennessee 37027
T: (615) 370-9659
F: (615) 370-4099
E: MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*