UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| KATHLEEN JANSSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| V. | ) ) | No.: 2:18-cv-00047 |
| ONLINE INFORMATION SERVICES, INC., | ) ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

## ANSWER OF DEFENDANT ONLINE INFORMATION SERVICES, INC.

The Defendant Online Information Services, Inc. answers the Complaint as follows:

1. With respect to the allegations in Paragraph 1, it is acknowledged that Plaintiff has brought an action under the Fair Credit Reporting Act ("FCRA"), as amended, but Defendant denies (1) that a cause of action exists, (2) that Plaintiff has standing or suffered an injury in fact, (3) that Defendant has violated the Act, or (4) that Plaintiff has suffered any damages. Defendant's answer and affirmative defenses are set out more fully below.

2. Defendant admits it is a consumer reporting agency, but denies the remaining allegations in Paragraph 2 of the Complaint. For further answer to the allegations in Paragraph 2, Defendant states that an "Adverse Action Notification Letter" was sent to plaintiff on December 11, 2017, to her last known address available to Defendant. Plaintiff did not contact Defendant disputing the information or seeking any correction, but, instead, filed this lawsuit.

3. Defendant is without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 3 of the Complaint.

4. The allegations of Paragraph 4 are admitted.

5. While it is acknowledged that Plaintiff has attempted to bring an action under 15 U.S.C. §1681p and assert federal question jurisdiction, jurisdiction is denied on the grounds that Plaintiff lacks standing and failed to assert an injury in fact.

6. If this Court has jurisdiction, which is denied, then venue is proper.

7. It is admitted that Defendant is a consumer reporting agency. The remaining allegations in paragraph 7 are denied as stated.

8. The allegations of Paragraph 8 are denied as stated.

9. Upon information and belief, in view of the allegations made by a person named Kathleen Jansson, who is the plaintiff in this case, it is admitted that plaintiff is not deceased.

10. The allegations of Paragraph 10 are denied as stated.

11. The allegations of Paragraph 11 are denied as stated. For further answer to Paragraph 11, Defendant states that an "Adverse Action Notification Letter" was sent to Kathleen Jansson on December 11, 2017, to her last known address. Kathleen Jansson did not contact Defendant disputing the information or seeking any correction, but, instead, filed this lawsuit.

12. The allegations of Paragraph 12 are denied as stated.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 13.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied as stated.

16. The allegations of Paragraph 16 are denied.

17. In response to Paragraph 17, Defendant incorporates its responses to Paragraphs 1 through 16.

18. No answer is required to the statements in Paragraph 18 inasmuch as said statements are statements of putative law, not allegations of fact, to which no answer is required.

19. No answer is required to the statements in Paragraph 19 inasmuch as said statements are statements of putative law, not allegations of fact, to which no answer is required.

20. No answer is required to the statements in Paragraph 20 inasmuch as said statements are statements of putative law, not allegations of fact, to which no answer is required.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. To the extent there are issues triable to a jury, the allegations of paragraph 23 are admitted.

24. Plaintiff is not entitled to any relief from this Defendant.

25. All allegations in the Complaint not hereinabove admitted, denied or explained are here and now denied as fully and completely as if separately and specifically denied.

26. Plaintiff has failed to state a claim for which relief can be granted.

27. Plaintiff lacks standing.

28. Plaintiff has failed to assert an injury in fact and thus this case should be dismissed. *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016).

29. Plaintiff has not suffered an injury in fact, and thus this case should be dismissed.

30. To the extent that any violations are established, any such violations were not the result of negligence, willfulness or intentional acts or omissions and resulted from bona fide error notwithstanding the maintenance of reasonable procedures adopted and specifically intended to avoid any such error.

31. Defendant maintained and followed reasonable procedures adopted and specifically intended to avoid such error as alleged by Plaintiff.

32. Defendant used reasonable care.

33. In the alternative, Defendant is not liable because it accurately reported information from a reliable source, even though that source provided inaccurate information.

34. Defendant denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Defendant's purported violations.

35. To the extent that further investigation and discovery reveal relevant and material evidence, plaintiff may be barred by the statute of limitations, laches, estoppel, judicial estoppel, waiver, and/or unclean hands; Defendant reserves the right to seek leave of this Honorable Court to amend its answer to assert same, if warranted by the evidence.

36. Assuming that plaintiff suffered any damages, plaintiff failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

37. Any harm suffered by plaintiff was legally and proximately caused by plaintiff or persons or entities other than Defendant and were beyond the control or supervision of Defendant or for whom Defendant was and is not responsible or liable.

38. No acts or omissions on the part of the Defendant were the cause in fact, legal cause or proximate cause of any damages sustained by plaintiff.

WHEREFORE, this Defendant denies that it is indebted to the plaintiff in any amount and demands a jury to try this cause of action.

/s/ Mary Ann Stackhouse
Mary Ann Stackhouse, Esq. (BPR #017210)
mstackhouse@lewisthomason.com

LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN  37901
(865) 546-4646
mstackhouse@lewisthomason.com
*Attorneys for Defendant Online Information Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2018 a copy of the foregoing Answer was electronically filed in the ECF system. Notice of this filing will be sent to the counsel of record by the Court's electronic filing system.

/s/ Mary Ann Stackhouse
Mary Ann Stackhouse (BPR #017210)
